IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| LARRY MOBLEY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:08-cv-01221-JDT-egb |
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION ON PETITIONER'S § 2255 MOTION

On September 19, 2008, Petitioner Larry Mobley filed a motion pursuant to 28 U.S.C. § 2255 asserting that his trial counsel was ineffective ("Motion"). Specifically, Petitioner states that on November 3, 2006, he received a letter from his federal public defender stating that he had failed to file Petitioner's notice of appeal. It is undisputed that the federal public defender, J. Patten Brown III, failed to meet this appeal deadline.

On January 26, 2009, the Court ordered the Government to respond to Petitioner's Motion and the Court appointed new counsel for Petitioner. The Government filed its response on February 17, 2009, raising a statute of limitations defense. Specifically, under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. Fed. R. App. P. 4(b). According to the Government, because Petitioner's conviction became final ten days after the judgment was entered on

June 28, 2005, his time to file this § 2255 Motion ran for one year from that date and expired on or about July 13, 2006.

However, the statute of limitations for § 2255 motions is subject to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). On July 8, 2009 this matter was referred to the Magistrate Judge for an evidentiary hearing and a Report and Recommendation on the issue of whether equitable tolling applies to save Petitioner's § 2255 Motion from the one year statute of limitations and, if not, whether it should be granted.

After several continuances, an evidentiary hearing was held on November 12, 2009. Upon motion from the Government, a second hearing was held on December 7, 2009.

## Relevant Testimony

A.  Robert Mobley

Petitioner's brother Robert Mobley of Crossville, TN, testified that he was aware of the conviction, aware that his brother was incarcerated and stated that he "stayed in touch" with Petitioner. For a year or two, Robert Mobley talked with Petitioner "weekly." He testified that he remembers learning of the federal public defender's letter in November of 2006 explaining that no appeal had been filed and that the federal public defender "would help." Petitioner asked Robert Mobley to contact the lawyer, which the brother attempted to do "3-4 times and left messages with the receptionist" over the twenty-two months between the time Petitioner learned that the appeal had not been filed and the time Petitioner ultimately filed this Motion. During that twenty-two months he never received a call back

and "was frustrated." Robert Mobley also testified that Petitioner quit school in the 9th grade and worked with Dr. Pepper in Atlanta and joined the National Guard.

    B. Petitioner Larry Mobley

Petitioner Larry Mobley, age 64, testified that he had been in state prison before his present period of incarceration, but had not filed any legal pleading there. Petitioner informed the Court that he was computer illiterate. He also testified that in June 2006, during his time in federal custody, he obtained his GED. Petitioner stated that he was aware from the federal public defender's letter that he needed to file a complaint against his lawyer, that he had received the information and paperwork the federal public defender had sent in November 2006, and that he knew there were people within the prison who could help, such as a counselor or "a jailhouse lawyer who had to be paid." Petitioner did not fully explain why his counselor did not help him, and stated that he could not pay the "lawyers" there and, asserted that even if he could pay them, they were Vermont prisoners who had no sympathy or time for him. Finally a fellow prisoner did agree to file the Motion, but Petitioner says he was not aware of any time limit.

## Whether the § 2255 Motion Is Barred By the Statute of Limitations

As the District Court noted in its referral Order, the statute of limitations for § 2255 motions is subject to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). Here, the issue is whether the limitations period expired on July 13, 2006, if it was tolled until Petitioner found out about his public defender's mistake on November 3, 2006, or if it was tolled until some later date and so is timely filed, as Petitioner urges, due to Petitioner's belief that his

public defender would help him and his lack of awareness of a time limit by which he must file the Motion.

The doctrine of equitable tolling is used "sparingly"- typically "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *see also U.S. v. Goodrum*, 584 F.Supp.2d 1026, 1031 (6th Cir. 2008). The parties agree that a petitioner who seeks equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The parties disagree, however, on whether a petitioner must satisfy the five-factor test set forth in *Dunlap* in addition to satisfying the *Pace* criteria. *See Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001) (the five criteria are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.). Regardless of which test applies, the "propriety of equitable tolling must necessarily be determined on a case-by-case basis," *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), and under either test a petitioner must prove diligence in pursuing his rights.

Here, the Government argues that equitable tolling fails to apply at all, as the failure to file Petitioner's appeal was a matter of public record. However, under the circumstances of this case the Magistrate Judge believes that the limitations period was tolled until Petitioner received notification from the public defender that he had failed to file the appeal.

4

From November 2006, however, Petitioner admits he knew that the appeal had not been filed.  For equitable tolling to continue to apply past that time Petitioner must have showed that he acted diligently to pursue his rights.  Petitioner has not met his burden.  The Magistrate Judge is sympathetic to the fact that Petitioner's federal public defender completely dropped the ball and did not file Petitioner's appeal.  However, after the public defender notified Petitioner that he failed to file the appeal, Petitioner let twenty-two months elapse before finally filing his Motion on September 19, 2008.  For twenty-two months Petitioner, who received his GED during his incarceration, had clear notice that his public defender made a mistake, had information regarding filing the appeal, and seemingly relied solely on his brother who made 3 or 4 phone calls over that almost two year period to the public defender's office with no success.  The Magistrate Judge is of the opinion that based on these facts, Petitioner did not pursue filing this Motion with due diligence.  Accordingly, the Magistrate Judge recommends that Petitioner's Motion be denied.

     Respectfully submitted,

     **s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   **December 17, 2009**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**