IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LARRY MOBLEY, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| VS. ) | No. 08-1221-T-egb |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

ORDER DENYING DEFENDANT'S OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE

On September 19, 2008, Petitioner Larry Mobley filed a motion pursuant to 28 U.S.C. § 2255. In the motion, Petitioner asserts that his trial counsel was ineffective. On January 26, 2009, the court ordered the Government to respond to the motion and appointed counsel for Petitioner. The Government filed its response on February 17, 2009, and raised a statute of limitations defense. Because the statute of limitations for § 2255 motions is subject to equitable tolling, see McClendon v. Sherman, 329 F.3d 490, 492 (6th Cir.2003); Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the matter was referred to United States Magistrate Judge Edward G. Bryant for an evidentiary hearing and a report and recommendation on the issue of whether the § 2255 motion was barred by the statute of limitations and, if not, whether it should be granted.

On December 17, 2009, after a hearing, Magistrate Judge Bryant issued his report.

He found that the limitations period was tolled until November 3, 2006, when Petitioner received a letter from his public defender advising that he had failed to file the appeal. He further found that, after November 2006, Petitioner did not diligently pursue his rights by waiting twenty-two months before filing his § 2255 motion, and, thus, is not entitled to equitable tolling.

Petitioner filed timely objections to the report and recommendation. He argues that the report should be rejected because the Magistrate Judge did not specifically decide which factors to apply in deciding whether equitable tolling applied: the factors set forth in Pace v. Diguglielmo, 544 U.S. 408 (2005), or those set forth in Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001). He also argues that the testimony at the hearing showed that he and his brother made several attempts to contact the public defender without success, despite assurances in the public defender's letter that he would assist Petitioner.

When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

This court has reviewed the Magistrate Judge's report and recommendation de novo. Magistrate Judge Bryant thoroughly discussed the evidence that showed that Petitioner did not diligently pursue his rights: Petitioner's brother knew about the November 2006 letter and tried to contact the public defender but to no avail; Petitioner obtained his GED in June

2006 while in federal custody; and Petitioner was aware that he needed to file a complaint against his public defender, and he knew that there were people within the prison who could help him. Petitioner waited twenty-two months after receiving the November 2006 letter before filing his § 2255 motion.  Petitioner's reliance on his brother's attempts to contact the public defendant for further help or information does not constitute "diligence in pursing [his] rights."  Dunlap, 250 F.3d at 1008.

The Magistrate Judge acknowledged that the parties disagreed on whether Petitioner had to satisfy the test set forth in Dunlap or in Pace and then stated that "[r]egardless of which test applies, the 'propriety of equitable tolling must necessarily be determined on a case-by-case basis,' Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998), and under either test a petitioner must prove diligence in pursuing his rights." Order at p. 4.  The court agrees with this finding.  The evidence clearly shows that Petitioner did not "prove diligence in pursuing his rights."

The court adopts the findings of fact and conclusions of law of the Magistrate Judge. The motion filed pursuant to 28 U.S.C. § 2255 is time-barred, and there is no basis to find that the one-year statute of limitations should be tolled (other than the time period discussed above). Accordingly, the § 2255 motion is hereby DISMISSED.

Certificate of Appealability

Consideration must be given to issues that may arise if Petitioner files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of

appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists

4

>would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[1]

In this case, Petitioner's claims are clearly without merit for the reasons previously stated. Because he cannot present a question of some substance about which reasonable jurists could differ, the court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma

---

[1] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

5

pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the court denies a certificate of appealability, the court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED.  Accordingly, if Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE